```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | |
|---|---|
| SAMMIE JONES, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-13-2041 |
| § | |
| CITY OF HOUSTON, TEXAS, § | |
| § | |
| Respondent. § | |

### MEMORANDUM OPINION AND ORDER

Petitioner, Sammie Jones, filed a petition for writ of habeas corpus (Docket Entry No. 1) alleging that the City of Houston violated his constitutional rights. Because the handwritten pro se petition does not allege that Jones was in custody and does not state any facts that could entitle Jones to habeas relief or relief for any other recognizable federal cause of action, the court entered an Order on July 12, 2013, requiring Jones to file an amended application for habeas corpus within twenty days and setting out the requirements of the amended application (Order, Docket Entry No. 3). Subsequently, the court granted Jones' motions for extension of time and extended the date for compliance with the court's earlier Order to August 26, 2013, and later to September 17, 2013. (Docket Entry Nos. 5 and 7) Jones has failed to file an amended application as required by the court's earlier

orders. Instead, he has filed a Motion to Transfer this case to the United States Supreme Court (Docket Entry No. 12) and a Motion to Halt (Docket Entry No. 13) asking that the court halt all proceedings until ruling on his Motion to Transfer.

Although Jones is proceeding pro se, he is nevertheless bound by the requirements of the Federal Rules of Civil Procedure. Because Jones' habeas petition fails to state that he is in custody and fails to contain a short and plain statement of the grounds for the court's jurisdiction or a short and plain statement of Jones' claims showing that he is entitled to relief, as required by Rule 8(a)(1) and (2), the court concludes that he has failed to state a claim for relief. Because Jones has failed to comply with the court's Order (Docket Entry No. 3), the court also concludes that this action is subject to dismissal pursuant to Rule 41(b). Accordingly, this action will be dismissed with prejudice.

Jones has a history of filing frivolous lawsuits. See Sammie Jones v. United States of America, Civil Action No. H-04-2527 (Memorandum and Order of Dismissal, Docket Entry No. 13), and Sammie Jones v. Texas Workforce Commission and Internal Revenue Service, Civil Action No. H-04-3335 (Memorandum and Order of Dismissal, Docket Entry No. 7); Jones v. State of Texas, Civil Action No. H-11-465 (Dismissal Order, Docket Entry No. 5). Although Jones is not a prisoner, it appears that he may have filed this action as a habeas action to avoid paying a filing fee and to avoid the effect of 28 U.S.C. § 1915(g), which prevents a pro se

plaintiff in a prisoner civil rights action from proceeding <u>in forma pauperis</u> if three or more prior suits have been dismissed as frivolous or malicious. See <u>Patton v. Jefferson Correctional Center</u>, 136 F.3d 458, 464 (5th Cir. 1998). Prisoners who have been barred from filing civil rights complaints have utilized this tactic in an effort to avoid <u>sua sponte</u> dismissal. <u>See</u>, e.g., <u>Newsome v. Dretke</u>, Civil Action No. H-04-3098 (Memorandum on Dismissal, Docket Entry No. 2); <u>Sharpless v. A. Officer</u>, Civil Action No. H-01-1861 (Order of Dismissal, Docket Entry No. 2). The Clerk of Court is therefore **ORDERED** not to accept any other filings from Jones labeled as a habeas corpus action unless at the time of filing Jones provides proof in the form of an affidavit from the warden or other custodial official that he is in custody. Absent such proof the Clerk is **ORDERED** to return the filing to Jones and not to docket it.

Jones' Motion to Prohibit (Docket Entry No. 11), Motion to Transfer (Docket Entry No. 12), and Motion to Halt (Docket Entry No. 13) are **DENIED**.

The Clerk will send a copy of this Memorandum Opinion and Order to Jones and to the City Attorney for the City of Houston.

**SIGNED** at Houston, Texas, on this 2nd day of October, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE